UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CONNIE WYANT, | ) |
|     Plaintiff, | ) Case No.: |
| v. | ) Hon. |
| ALLIANCE ONE RECEIVABLES MANAGEMENT, INC., | ) |
|     Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, CONNIE WYANT (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, ALLIANCE ONE RECEIVABLES MANAGEMENT, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Michigan, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

**PARTIES**

5. Plaintiff is a natural person residing in Weidman, Isabella County, Michigan.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)* and according to

Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

8. Defendant is a collection agency with a business office in Eagan, Minnesota.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect a consumer debt from Plaintiff.

11. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

12. Since approximately August of 2011, Defendant began placing collection calls to Plaintiff, on Plaintiff's cell phone (989-560-07xx) in an attempt to collect a debt.

13. Around October 3, 2011, Plaintiff spoke with Defendant's collector, Angie.

14. Plaintiff told Angie that Plaintiff did not have any money to pay the debt.

15. Angie told Plaintiff that was unacceptable and Plaintiff would have to come up with a plan or Defendant would take further steps to collect the debt.

16. Despite Plaintiff informing Defendant that Plaintiff did not have any money to pay the debt, Defendant continued to place collection calls to Plaintiff.

17. In September of 2011, Defendant left voicemail messages for Plaintiff on Plaintiff's cell phone in an attempt to collect a debt.  *See* Defendant's transcribed voicemail messages attached as Exhibit A.

18. Defendant's voicemail messages for Plaintiff, in an attempt to collect a debt, did not meaningfully disclose the caller's identity.  *See* Exhibit A.

19. Defendant's voicemail message for Plaintiff, in an attempt to collect a debt, failed to

state that the communication was from a debt collector. *See* Exhibit A.

20. Defendant's messages for Plaintiff request Plaintiff to call back at 800-858-5502, a telephone number belonging to Defendant.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

    b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

    c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

    d. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt.

    e. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, CONNIE WYANT, respectfully requests judgment be entered against Defendant, ALLIANCE ONE RECEIVABLES MANAGEMENT, INC., for the following:

22. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*, and

24. Any other relief that this Honorable Court deems appropriate.

DATED:  November 4, 2011	RESPECTFULLY SUBMITTED,

	KROHN & MOSS, LTD.


	By: /s/Michael S. Agruss
	    Michael S. Agruss
	    Krohn & Moss, Ltd.
	    10 N. Dearborn Street, 3rd Floor
	    Chicago, Illinois 60602
	    Tel: 323-988-2400 x235
	    Fax: 866- 620-2956
	    magruss@consumerlawcenter.com
	    Attorneys for Plaintiff